UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CORNELIUS JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>THE JOURNAL GAZETTE, et al.,<br><br>Defendants. | CAUSE NO. 1:23-CV-121-HAB-SLC |

OPINION AND ORDER

Cornelius Johnson, a prisoner proceeding without a lawyer, was ordered to show cause why the initial partial filing fee has not been paid. (ECF 6.) Upon review of his response (ECF 10), the court will proceed to screen the case under 28 U.S.C. § 1915A. He is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, the court must screen the complaint (ECF 1) and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr.

Johnson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Johnson is serving a sentence at an Indiana Department of Correction facility. His claims stem from an event occurring in March 2023 when he was confined at the Allen County Jail awaiting trial. Specifically, he claims that he was reading the Fort Wayne *Journal Gazette* when he came across a comic strip that he found offensive and disrespectful to him as an African-American man.[1] He alleges that this violated his rights under the Equal Protection Clause. He sues the newspaper and the writer of the comic strip seeking $2.5 million for emotional distress and other relief.

The newspaper and comic strip writer are private parties, not state actors who can be sued for constitutional violations. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Additionally, the U.S. Constitution does not afford him the right to read a newspaper that is free of content he finds objectionable. *See Mwangangi v. Nielsen*, 48 F.4th 816, 834 (7th Cir. 2022) (Easterbrook, J., concurring). "[O]ur Constitution establishes negative liberties—the right to be free of official misconduct—rather than positive rights[.]" *Id.* Furthermore, he is not permitted to bring an action for emotional distress damages

---

[1] Notably, he appears to be referencing a *Doonesbury* comic strip that was actually intended to criticize the disparate treatment of African-American protestors and to highlight the "long history of the use of militarized power against African-American protest movements" in the United States. *See* https://readingdoonesbury.com/2023/02/27/this-week-in-doonesbury-imagine-if-theyd-been-black.

without some physical injury. 42 U.S.C.A. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). He has not alleged a plausible federal claim.[2]

Ordinarily, the court should afford an unrepresented litigant an opportunity to cure defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). That does not mean leave to amend must always be given. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* The court finds no basis to conclude that if given another opportunity, Mr. Johnson could assert a viable federal claim against a newspaper and comic strip writer regarding a cartoon he found offensive. Permitting him to amend would be futile.

For these reasons, the court DISMISSES this case under 28 U.S.C. § 1915A, and DIRECTS the clerk to close the case.

SO ORDERED on August 16, 2023.

s/Holly A. Brady<br>
CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT

---

[2] He also does not allege the citizenship of any party so as to invoke the court's diversity jurisdiction, nor is there anything to suggest complete diversity exists, as both he and the newspaper are located in Indiana. *Downs v. IndyMac Mortg. Servs., FSB*, 560 F. App'x 589, 591 (7th Cir. 2014) ("[E]ven pro se litigants must follow the requirements of complete diversity in federal court and identify the citizenship of each of the parties."). There is also no plausible basis to infer that he incurred in excess of $75,000 in damages as a result of reading a comic strip he found offensive. *See* 28 U.S.C. § 1332(a). To the extent he has any claim under state law, it is not adjudicated in this order.